**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ISMAEL ALBERTO TORRES TLILAYATZI,

Petitioner,

v. No. 1:26-cv-02491-MLG-KRS

GEORGE DEDOS, Warden of Torrance County Detention Facility; MARY DE ANDA-YBARRA, El Paso Field Office Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of U.S. Department of Homeland Security; and TODD BLANCHE, U.S. Attorney General,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**
**AND DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER**

This matter is before the Court on Petitioner Ismael Alberto Torres Tlilayatzi's Petition for a Writ of Habeas Corpus ("Petition"), filed July 30, 2026. *See* Doc. 1. Torres Tlilayatzi challenges his continued detention without a bond hearing and seeks his immediate release or an individualized bond hearing. Doc. 1 at 7, 14-15. Federal Respondents[1] do not contest the facts or legal arguments presented in the Petition, including that Torres Tlilayatzi entered the United States on October 29, 2024, was briefly detained by federal immigration authorities before being released via the Alternatives to Detention program, is neither a flight risk nor danger to the community, and is therefore entitled to release under appropriate conditions of supervision. Doc. 1 at 12-14, 18, 32; Doc. 6 at 1. Given this, the Court concludes § 1226(a) governs Torres Tlilayatzi's detention. *See*

[1] The Court uses "Federal Respondents" to refer to all Respondents in this matter other than George Dedos, Warden of Torrance County Detention Facility.

*Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) (holding that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)"). Torres Tlilayatzi's detention without a bond hearing therefore constitutes an ongoing violation of his right to due process under the Fifth Amendment to the United States Constitution. *See Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 785 (E.D. Mich. 2025) ("The discretionary bond framework under Section 1226(a) requires a bond hearing to make an individualized custody determination . . . . Therefore, without first evaluating [a noncitizen's] risk of flight or dangerousness, his detention is a violation of his due process rights.").

Federal Respondents argue that under *Santillan Quiroz* the "appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner." Doc. 6 at 1. But in habeas corpus proceedings, "a federal court 'possesses power to grant *any form of relief necessary* to satisfy the requirement of justice.'" *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969)). Immediate release is the appropriate remedy for the due process violation in this case. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful executive] detention is, of course, release."); *see also Sosa v. De Azbarra*, No. 1:26-cv-01167-SMD-GJF, 2026 WL 1453999, at *3 (D.N.M. May 22, 2026) (ordering a petitioner's immediate release rather than a bond hearing); *cf. Cruz-Reyes v. Bondi*, 818 F. Supp. 3d 875, 887 (S.D. Tex. 2026) ("Ordering a bond hearing under § 1226(a), after [the petitioner] has been taken into custody [and erroneously detained under a mandatory detention provision], cannot make up for the lack of an initial, individualized determination process by ICE.").

It is hereby ordered:

1. Respondents must immediately release (no later than forty-eight hours from this Order's filing) Torres Tlilayatzi from custody.
2. Upon Torres Tlilayatzi's release, Respondents must return all of his property, including any identification documentation that was in his possession when he was detained.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA